IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-60-TAV-DCP |
| | ) | |
| HENRY BABENCO, | ) | |
| SHARON NAYLOR, | ) | |
| ALICIA TAYLOR, and | ) | |
| GREGORY MADRON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 12, 2019, for a scheduled pretrial conference and motion hearing on the Defendants' Joint Motion to Continue Trial and All Other Deadlines [Doc. 19], filed on May 15, 2019. Assistant United States Attorneys Scott Armstrong and Anne-Marie Svolto appeared on behalf of the Government. The following defense counsel also appeared: Attorneys David M. Eldridge and Zachary R. Walden represented Defendant Henry Babenco; Attorneys Robert R. Kurtz and Daniel J. Ripper represented Defendant Sharon Naylor; Attorney Stephen Ross Johnson represented Defendant Alicia Taylor; and Assistant Federal Defender Benjamin G. Sharp represented Defendant Gregory Madron. All four Defendants were also present.

In their motion, the Defendants ask the Court to continue the June 25, 2019 trial date and all pretrial deadlines to permit counsel additional time to review the voluminous discovery, investigate the issues unique to this case, and to prepare for trial. The Defendants argue

that this case is complex due to the large volume of discovery generated during a lengthy investigation by the Government. The motion relates that digital discovery consists of eighty-eight (88) gigabytes of data, including 57,000 files. They contend the failure to grant the requested continuance would likely cause a miscarriage of justice and would deny counsel the reasonable time necessary to prepare for trial effectively, taking into account counsels' exercise of due diligence.

At the motion hearing, Mr. Eldridge told the Court that the discovery in this case is voluminous. He stated that, in addition to the electronic discovery described in the motion, the Defendants had received 1,100 patient files within the last forty-eight hours. Mr. Eldridge informed the Court that pretrial preparation in this case will be extensive, requiring development of expert testimony and extensive review of medical records. He argued that it is not feasible to accomplish these preparations within the current schedule. Mr. Eldridge asked the Court to grant an ends of justice continuance in this case and to find that the need for a continuance outweighs the best interest of the public and the Defendants in a speedy trial. He also argued that the failure to grant a continuance of the trial and schedule would deny counsel the reasonable time necessary to prepare, even given counsels' acting with due diligence. Mr. Eldridge noted that the trial continuance was not opposed by the Government.

AUSA Armstrong stated that the Government did not "strenuously object" to a continuance in this case. Although he anticipated bringing a superseding indictment, he stated that it would add only a "handful" of substantive counts and would not expand the scope of the case or the discovery. He acknowledged that the discovery in this case is voluminous. However, he said that the Government had provided discovery in both electronic and paper format and that much of it was duplicative. AUSA Armstrong said that the Government requested that the trial be reset as

soon as possible. He argued that this case is not complex and the nature of the charged offenses is clear. He stated that although there are a lot of patient files, the discovery is well organized and has been scanned, indexed, and bates numbered.

Mr. Eldridge responded that although the Defendants were not prepared to make an argument about the contents of discovery at this hearing, some dispute exists as to whether they have been provided complete patient files. He said that the patient files were maintained in EMR format, with a program called Practice Fusion. Mr. Eldridge said that some of the electronic information had been extracted by the Government and provided to the Defendants in Excel spreadsheets. He noted that some parts of the files in Patient Fusion, for example the laboratory results, are not included in the extracted information.

Mr. Eldridge argued that this case qualifies as complex for speedy trial purposes. He noted that the case involves an alleged conspiracy that spans a number of years. He agreed with AUSA Armstrong that the substantive counts were not numerous. However, he emphasized that the Indictment also charges a conspiracy count. Accordingly, Mr. Eldridge respectfully disagreed with the Government's position that the case is not complex.

AUSA Armstrong estimated that the Government's case-in-chief would take approximately two weeks, with one to two days devoted to rebuttle evidence. He estimated calling around twenty witnesses. The Defendants estimated that their case would take about one week. The parties agreed that they were available for trial on April 21, 2020.

The Court finds the Defendants' joint motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges that the four Defendants, who are medical professionals and the office manager at a pain

management clinic, conspired with each other and "others" to distribute and dispense Schedule II controlled substances outside of the usual course of professional practice and not for a legitimate medical purpose. The conspiracy is alleged to have extended from May 2016 through December 2018. Defendants Babenco, Naylor, and Taylor are also charged with seven substantive distribution counts. Additionally, Defendants Babenco and Naylor are each charged with one count of money laundering. The discovery in this case is voluminous, consisting of eighty-eight gigabytes of data relating to some 1,100 patient files. The Defendants question and are evaluating whether all portions of the patient files have been extracted and provided. The Court finds that defense counsel need additional time to review discovery, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. If any motions are filed, the Court will need time to hold a motion hearing and to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds that all of this cannot occur in the two-week-period between the hearing and the June 25, 2019 trial date. Accordingly, the Court finds that a trial continuance is warranted for defense counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Although the Government does not object to a trial continuance, it does oppose a lengthy continuance and the classification of this case as complex. Based upon the Court's review of the Indictment, the parties' arguments, and the prospect of a superseding indictment, the Court agrees with the Defendants that this case is complex for purposes of the Speedy Trial Act. The Indictment alleges a drug conspiracy spanning some thirty months. The Indictment charges three healthcare providers and the manager of a pain management clinic. The nature of the case, which involves allegations that medical providers issued prescriptions without a legitimate medical purpose, will likely necessitate the use of medical experts and will require additional research and

4

investigation beyond that customary in the typical drug-trafficking case. The discovery in this case is voluminous, as discussed above. Finally, the Government plans to file additional charges. Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). Accordingly, the Court finds that this case should be designated as "complex" for speedy trial purposes.

For the reasons discussed above, the Defendants' Joint Motion to Continue Trial and All Other Deadlines [**Doc. 19**] is **GRANTED**, and the trial is reset to **April 21, 2020**. The Court finds that all the time between the filing of the joint motion on May 15, 2019, and the new trial date of April 21, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Court set a new motion deadline of **November 15, 2019**. Responses to motions are due on or before **December 6, 2019**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **December 17, 2019, at 9:30 a.m.**

The Court set the following schedule for early disclosure of expert opinions and testimony in this case: The Government's disclosure pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure is due on or before **December 20, 2019.** The Defendants' disclosure pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure is due on **January 31, 2020**. Motions by any party challenging experts, expert opinions, or expert testimony (i.e., "*Daubert* motions") are due on or before **February 24, 2020**. Responses to *Daubert* motions are due on **March 9, 2020**. The undersigned will hold a motion hearing on all *Daubert* motions on **March 25, 2020, at 10:00 a.m.**

The new deadline for concluding plea negotiations and providing reciprocal discovery is **March 23, 2020**. The Court set a final pretrial conference on **March 31, 2020, at 10:00 a.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **April 6, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **April 10, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Defendants' Joint Motion to Continue Trial and All Other Deadlines [**Doc. 19**] is **GRANTED**;

(2) This case is declared **COMPLEX** for purposes of the Speedy Trial Act:

(3) The trial of this matter is reset to commence on **April 21, 2020**, at **9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(4) All time between the filing of the Defendants' motion on **May 15, 2019**, and the new trial date of **April 21, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The deadline for filing pretrial motions is reset to **November 15, 2019**. Responses to motions are due on or before **December 6, 2019**;

(6) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **December 17, 2019, at 9:30 a.m.**;

(7) The Government's deadline for providing Fed. R. Crim. P. 16(a)(1)(G) expert disclosures is **December 20, 2019**;

(8) The Defendants' deadline for providing Fed. R. Crim. P. 16(b)(1)(C) expert disclosures is **January 31, 2020**;

(9) The deadline for the parties to file *Daubert* motions is **February 24, 2020**. Responses to *Daubert* motions are due on **March 9, 2020**;

(10)   The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **March 23, 2020**;

(11)   The parties are to appear before the undersigned for a motion hearing on all *Daubert* motions on **March 25, 2020, at 10:00 a.m.**;

(12)   A final pretrial conference before the undersigned is scheduled for **March 31, 2020, at 10:00 a.m.**;

(13)   Motions *in limine* must be filed no later than **April 6, 2020**; and

(14)   Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **April 10, 2020**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge