IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-60-TAV-DCP |
| | ) | |
| HENRY BABENCO, | ) | |
| SHARON NAYLOR, | ) | |
| ALICIA TAYLOR, and | ) | |
| GREGORY MADRON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 18, 2019, for a motion hearing on the Defendant Henry Daniel Babenco's Second Motion to Continue Trial and Associated Deadlines [Doc. 26], filed on November 1, 2019. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. The following defense counsel also appeared: Attorneys David M. Eldridge and Zachary R. Walden represented Defendant Henry Babenco; Attorney Robert R. Kurtz represented Defendant Sharon Naylor; Attorney Stephen Ross Johnson represented Defendant Alicia Taylor; and Assistant Federal Defender Benjamin G. Sharp represented Defendant Gregory Madron. The Defendants were excused from attending the hearing.

In his motion, Defendant Babenco asks the Court to continue the April 21, 2020 trial date and all pretrial deadlines to permit counsel additional time to review the voluminous discovery and to file pretrial motions. The motion relates that counsel has received one hundred

thirty-five (135) gigabytes of discovery in digital format. It states that the discovery includes approximately 67,000 files. The motion also notes that defense counsel has been involved in a complex healthcare fraud trial in Chattanooga, Tennessee, beginning on September 10, 2019, and projected to last through November 21, 2019. Defense counsel contend that they are still reviewing the discovery in this case, due to its voluminous nature and their involvement in the Chattanooga trial. The motion relates that neither the Government, nor counsel for the codefendants oppose the requested continuance.

At the motion hearing, Mr. Eldridge noted that the Court has already declared this case to be complex under the Speedy Trial Act. He stated that he and co-counsel have been unavailable to work on this case since August, due to their involvement in a lengthy trial in Chattanooga. He stated that the proof in that case concluded last week. Mr. Eldridge also stated that the medical records in this case have proved challenging to review under the available format. He suggested a trial date in September 2020, to allow the Defendants to be prepared for trial.

Mr. Kurtz stated that the clinic at issue in this case had several thousand patients, but the medical records for those patients are dispersed among the 67,000 electronic files in this case. He stated that several electronic files exist for each patient and that these electronic files can be hundreds of pages long. He observed that the electronic files are difficult to search. With regard to his client, Mr. Kurtz noted that Defendant Naylor has health issues that have affected her ability to assist him with her case. He said that due in part to Defendant's inability to participate fully, he needed additional time to prepare the case for trial. Both Mr. Johnson and Mr. Sharp stated that their clients did not oppose the motion and agreed with the proposed schedule.

AUSA Svolto stated that the Government also did not oppose the requested continuance and agreed with the schedule. She acknowledged that the discovery is difficult to

review and stated that counsel for the Government would share with defense counsel, if they found a better method of using the electronic discovery. The parties agreed on a new trial date of September 22, 2020.

The Court finds Defendant Babenco's motion to continue the trial is unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges that the four Defendants, who are medical professionals and the office manager at a pain management clinic, conspired with each other and "others" to distribute and dispense Schedule II controlled substances outside of the usual course of professional practice and not for a legitimate medical purpose. The conspiracy is alleged to have extended from May 2016 through December 2018. Defendants Babenco, Naylor, and Taylor are also charged with seven substantive distribution counts. Additionally, Defendants Babenco and Naylor are each charged with one count of money laundering. The discovery in this case is voluminous, consisting of one hundred thirty-five (135) gigabytes of data relating to over 1,000 patients at the clinic. Counsel have related that the electronic discovery is not easily searchable and difficult to navigate. The Court also observes that the nature of the case, which involves allegations that medical providers issued prescriptions without a legitimate medical purpose, will likely require the use of medical experts and additional research and investigation beyond that customary in the typical drug-trafficking case. As a result of these factors, the Court has already deemed [Doc. 22] this case to be complex under the Speedy Trial Act, finding "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii).

The Court also finds that defense counsel need additional time to complete their review of discovery, to file and litigate pretrial motions, to interview witnesses, and to prepare the case for trial. If any motions are filed, the Court will need time to hold a motion hearing and to rule on the motions. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds, given the amount of discovery and the complexity of this case, that the litigation of pretrial motions cannot occur before the April 21, 2020 trial date. Accordingly, the Court finds that a trial continuance is warranted for defense counsel to have the reasonable time necessary to prepare for trial, despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

For the reasons discussed above, the Second Motion to Continue Trial and Associated Deadlines [**Doc. 26**] is **GRANTED**, and the trial is reset to **September 22, 2020**. The Court finds that all the time between the filing of the motion on November 1, 2019, and the new trial date of September 22, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Court set a new motion deadline of **March 13, 2020**. Responses to motions are due on or before **April 3, 2020**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **April 21, 2020, at 9:30 a.m.**

The Court set the following schedule for early disclosure of expert opinions and testimony in this case: The Government's disclosure pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure is due on or before **March 13, 2020.** The Defendants' disclosure pursuant to Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure is due on **April 13, 2020**. Motions by any party challenging experts, expert opinions, or expert testimony (i.e., "*Daubert* motions") are due on or before **May 11, 2020**. Responses to *Daubert* motions are due on **May 26,**

**2020**. The undersigned will hold a motion hearing on all *Daubert* motions on **June 17, 2020, at 9:30 a.m.**

The new deadline for concluding plea negotiations and providing reciprocal discovery is **August 4, 2020**. The Court set a final pretrial conference on **August 19, 2020, at 10:00 a.m.** All motions *in limine* must be filed no later than **August 24, 2020**. Requests for special jury instructions shall be filed no later than **August 28, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1)  Defendant Henry Daniel Babenco's Second Motion to Continue Trial and Associated Deadlines [**Doc. 26**] is **GRANTED**;

(2)  The trial of this matter is reset to commence on **September 22, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)  All time between the filing of the motion on **November 1, 2019**, and the new trial date of **September 22, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  The deadline for filing pretrial motions is reset to **March 13, 2020**. Responses to motions are due on or before **April 3, 2020**;

(5)  The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **April 21, 2020, at 9:30 a.m.**;

(6)  The Government's deadline for providing Fed. R. Crim. P. 16(a)(1)(G) expert disclosures is **March 13, 2020**;

(7)  The Defendants' deadline for providing Fed. R. Crim. P. 16(b)(1)(C) expert disclosures is **April 13, 2020**;

(8)  The deadline for the parties to file *Daubert* motions is **May 11, 2020**. Responses to *Daubert* motions are due on **May 26, 2020**;

(9)  The parties are to appear before the undersigned for a motion hearing on all *Daubert* motions on **June 17, 2020, at 9:30 a.m.**;

(10) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **August 4, 2020**;

(11) A final pretrial conference before the undersigned is scheduled for **August 19, 2020, at 9:30 a.m.**;

(12) Motions *in limine* must be filed no later than **August 24, 2020**; and

(13) Requests for special jury instructions with appropriate citations shall be filed by **August 28, 2020**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge